UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:19-cv-00011-MOC-WCM

| | | |
|---|---|---|
| **MICHAEL KENNETH MORRIS,** | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| Vs. | ) | ORDER OF DISMISSAL |
| | ) | WITHOUT PREJUDICE |
| | ) | |
| **RICHARD THEOKAS,** | ) | |
| | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the Court on plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (#2). The Court has carefully considered this plaintiff's affidavit in conjunction with the *Health and Human Services Poverty Guidelines* and determines that this plaintiff is unable to pay the filing fee and costs associated with service of process. See *Health and Human Services Poverty Guidelines*, U.S. Dep't of Health and Human Servs. (Jan. 11, 2019), https://aspe.hhs.gov/poverty-guidelines. The Court has accepted plaintiffs' assertions in the Application that he has no funds with which to pay the filing fee and will GRANT the in forma pauperis motion and allow plaintiff to file this action without paying the required filing fee. However, for the reasons explained below, process will not issue as the proposed action appears the Court lacks subject matter jurisdiction over these claims and that otherwise cognizable claims have not been stated in the Complaint against this defendant. 28 U.S.C. § 1915(e)(2)

-1-

## FINDINGS AND CONCLUSIONS

I.   **Section 1915 Review**

Pursuant to 28 U.S.C. § 1915(e)(2), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. Id.  A finding that a Complaint is frivolous does not, however, necessarily mean that the Court finds that plaintiff's claims are not sincere, only that the claims are non-justiciable in this Court as alleged.

In determining whether a claim has been stated, a pro se plaintiff's allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). *Pro se* filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir. 1994).

In this case, the claims submitted by plaintiff suffers under two Section 1915(e)(2) categories, as some are frivolous and some fail to state cognizable claims. Moreover, this Court lacks subject-matter jurisdiction over the central claims plaintiff has asserted.

II.   **Plaintiff's Contentions**

The Court has closely considered the substantive allegations of the Complaint. Reading the allegations in a light most favorable to plaintiff, the Court cannot find that jurisdiction is properly laid in federal court. Plaintiff's complaint was filed on January 14, 2019 by Michael Kenneth Morris. Though plaintiff indicates that he is appearing on behalf of others, the other

names listed appear to be versions of his own name; for example, Michael K. Morris. From what can be discerned from plaintiff's handwritten Complaint, it appears that Morris was represented by attorney Richard Theokas, as retained counsel, in one or more criminal cases in North Carolina State Court in Cleveland County, which resulted in convictions. The filing appears to be an attempt to make a negligence/malpractice claim of sorts against plaintiff's former criminal defense lawyer, rather than a claim filed pursuant to 28 U.S.C § 2254. There is nothing to indicate that this was intended to be a *habeas* action as plaintiff neither alleges that he is imprisoned nor does he state that he remains under any post-conviction restraints; instead, he seeks relief in the form of monetary damages for alleged professional malpractice by his counsel.

In addition, plaintiff appears to be attempting to bring a federal criminal charge against his former counsel by alleging a violation of 18 U.S.C. § 1346 for devising a "scheme or artifice to defraud" plaintiff, stating: "Defendants in a scheme and act of artifice, knowing or should have known the law failed to timely and properly demand and serve notices for trial by jury. Did these failures constitute an intangible right of honest service of legal representation?" See Compl. at 2. Plaintiff also cites to several Federal Rules of Civil Procedure. See Compl. at 1–3 (citing Rules 1, 2, 3, 7(a), 8(a), 9(a), 12(a)(1)(b), 18(a), 38(a)(b)(c), and 39(a)). While citing the Federal Rules of Civil Procedure, plaintiff quotes various excerpts from the North Carolina Rules of Civil Procedure without further explanation or allegations. Finally, plaintiff makes a fleeting reference the United States Constitution in connection with his breach of contract claim. But plaintiff provides no facts about this purported contract, breach, or injury.

Finally, it is readily apparent from the face of the pleading that both the plaintiff and the defendant are residents of the State of North Carolina.

## III.     Discussion

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint if "the action . . . (i) is frivolous or malicious" or if the action "(ii) fails to state a claim upon which relief may be granted." A complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios." Id. at 327–28.

In conducting the frivolousness analysis, the Court of Appeals for the Fourth Circuit instructs that courts should "conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 257 (4th Cir. 2004). The Nagy court held further that

> [t]he overriding goal in policing in forma pauperis complaints is to ensure that the deferred payment mechanism of § 1915(b) does not subsidize suits that prepaid administrative costs would otherwise have deterred. In implementing that goal, district courts are at liberty to consider any factors that experience teaches bear on the question of frivolity.

Id. The court must also consider whether plaintiff states a viable claim under § 1915(e)(2)(B)(ii). Even though the court applies the most liberal pleading standards to plaintiff's Complaint, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), allegations which are conclusory and do not allege enough specific facts to "raise a right to belief above the speculative level" or to satisfy this court that the claim for relief is plausible on its face must be dismissed. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556–57 (2007). The Court has reviewed this matter pursuant to 28 U.S.C. §

1915(e)(2)(B) and finds that this case must be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as this court lacks subject-matter jurisdiction.

A court must dismiss a matter if it determines it lacks subject matter jurisdiction at any point in the proceeding. Fed. R. Civ. P. 12(h)(3). Jurisdiction in the federal courts may be based upon the existence of a federal question or upon diversity of citizenship. 28 U.S.C. §§ 1331, 1332. A court may consider subject matter jurisdiction as part of the frivolity review. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure.").

Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. Lehigh Min. & Mfg. Co. v. Kelly, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction ... is on the plaintiff, the party asserting jurisdiction."). The Complaint must affirmatively allege the grounds for jurisdiction. Bowman, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). Here, plaintiff appears to contend that this Court has both federal question jurisdiction and diversity of citizenship jurisdiction over his claims, neither of which exist in this action.

   1. **Federal Question Jurisdiction**

Plaintiff alleges violation of 18 U.S.C. § 1346 for allegedly devising a "scheme or artifice

to defraud" plaintiff: "Defendants in a scheme and act of artifice, knowing or should have known the law failed to timely and properly demand and serve notices for trial by jury. Did these failures constitute an intangible right of honest service of legal representation?" See Compl. at 2. As an initial matter, while the Complaint makes a few fleeting references to federal law, plaintiff cites no federal statute that would bring his claims within federal question jurisdiction. For example, plaintiff cites 18 U.S.C. § 1341, which simply defines the term "scheme or artifice to defraud" under the federal mail and wire fraud statutes. See 18 U.S.C. §§ 1341, 1343. Section 1346 does not set forth the elements of a crime, establish cause of action in federal court, or create a civil remedy for injuries individuals. Beyond that, Title 18 of the United States Code is a <u>criminal</u> code of the federal government. It deals with federal crimes and criminal procedure. It is not a basis for a federal civil action by an individual.

Plaintiff also cites to several Federal Rules of Civil Procedure. See Compl. at 1–3 (citing Rules 1, 2, 3, 7(a), 8(a), 9(a), 12(a)(1)(b), 18(a), 38(a)(b)(c), and 39(a)). These rules are not, however, a proper basis for federal jurisdiction. Unlike civil statutes, rules of procedure do not provide recourse for the injured. They merely set forth the procedures for litigating in the federal court system. In any event, plaintiff merely quotes various excerpts from the North Carolina Rules of Civil Procedure (although he cites to the Federal Rules of Civil Procedure), without further explanation or allegations.

Plaintiff also briefly references the United States Constitution in connection with his breach of contract claim but provides no facts about this purported contract, breach, or injury. Even liberally construed, the Court cannot find that the Complaint raises any questions of federal law. The filing appears to be an attempt to make a state law fraud or negligence/malpractice claim of

sorts against plaintiff's former criminal defense lawyer, rather than a claim filed pursuant to 28 U.S.C § 2254.  However, there is nothing to indicate that this was intended to be a habeas action, as plaintiff does not state that he is imprisoned, and he seeks relief in the form of monetary damages.  As such, the Court lacks federal question jurisdiction because the Complaint does not arise under federal law.

### 2.  Diversity of Citizenship

Even if the Complaint contained enough factual allegations to state a claim that is plausible on its face, which it does not, diversity jurisdiction does not exist.  Where the Complaint does not arise under federal law, federal courts are only able to hear cases between citizens of different states where the matter in controversy exceeds $75,000.  28 U.S.C. § 1332.  Here, both parties are North Carolina residents and plaintiff seeks an award of damages in an amount exceeding $10,000 but not more than $75,000.  In this case, the Court lacks diversity jurisdiction under 28 U.S.C. § 1332 because plaintiff seeks less than $75,000 in damages and there is not complete diversity of citizenship between the parties.

### 3.  Failure to State a Viable Claim

The Court has also considered whether plaintiff states a viable claim under Section 1915(e)(2)(B)(ii), notwithstanding the fact that the Court does not have subject matter jurisdiction.  Even though the court has applied the most liberal pleading standards to plaintiff's Complaint, Gordon, 574 F.2d at 1151, the Complaint fails because it does not adequately state facts, which, if later proven to be true, would support the legal allegations of the complaint, or any other cognizable claim.  While plaintiff makes sweeping claims of conduct which plaintiff believes is unlawful, his allegations are conclusory and do not allege enough specific facts to "raise a right to

belief above the speculative level" or to satisfy this court that the claim for relief is plausible on its face. Twombly, 550 U.S. at 556–57. Based on such considerations under § 1915(e)(2)(B)(ii), plaintiff also fails to state a viable claim.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) plaintiff's Motion to Proceed *In Forma Pauperis* (#2) is **GRANTED**, and the Court directs that the Complaint be filed without prepayment of the filing fee or giving security therefor; and

(2) the issuance of process and service thereof is **CANCELLED,** and this action is **DISMISSED** for lack of subject-matter jurisdiction and for failure to state a cognizable claim under Section 1915(e)(2)(B)(ii).

Signed: February 4, 2019

Max O. Cogburn Jr
United States District Judge